

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2004

# De Los Santos Melgar v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2565

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"De Los Santos Melgar v. Atty Gen USA" (2004). *2004 Decisions.* Paper 622.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/622

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2565
_____

JOEL DE LOS SANTOS MELGAR
a/k/a JOWELL DE LOS SANTOS MELGAR

v.

JOHN ASHCROFT,
ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

Joel De Los Santos Melgar,

Petitioner

_____

On Petition for Review from an Order of the
Board of Immigration Appeals
(Board No. A73-186-955)

_____

Submitted Under Third Circuit LAR 34.1(a)
May 28, 2004

Before:  SCIRICA, <u>Chief</u> Judge, FISHER and ALARCÓN,* <u>Circuit</u> <u>Judges</u>.

(Filed:  June 3, 2004)

_____

*The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals
for the Ninth Circuit, sitting by designation.

OPINION OF THE COURT

FISHER, <u>Circuit</u> <u>Judge</u>.

Joel Del Los Santos Melgar ("Melgar"), a citizen of the Philippines, petitions for our review of the March 23, 2003 order of the Board of Immigration Appeals ("BIA") denying his motion to reopen his case with a request for stay of deportation. For the reasons that follow, we will deny the petition for review.

We review the BIA's denial of a motion to reopen for abuse of discretion. *INS v. Abudu*, 485 U.S. 94, 105 (1988). We reverse only if the decision is "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002) (citation omitted). Motions to reopen in deportation proceedings shall not be granted unless it appears to the BIA that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. *INS v. Doherty*, 502 U.S. 314, 323 (1992); 8 C.F.R. § 3.2(c).

Because we write only for the parties who are familiar with the facts and issues presented for review, we only recite those necessary to the discussion. Melgar filed his motion to reopen along with accompanying affidavits on October 4, 2002, asserting that he was eligible for an adjustment of status to permanent resident based upon his second

2

marriage to a naturalized citizen of the United States.[1]  But the BIA denied his motion to reopen because in the absence of exceptional circumstances, he is ineligible for the relief of adjustment of status for his failure to comply with the BIA's prior order of August 30, 2001, granting him voluntary departure rather than deportation.  8 U.S.C. § 1252b(e)(5) (1995) (providing that an alien who fails to voluntarily depart is ineligible for an adjustment of status).[2]

We conclude that the BIA did not abuse its discretion in denying Melgar's motion to reopen.  Melgar was provided the opportunity to voluntarily depart and chose not to do so.  He therefore is statutorily barred from applying for certain forms of discretionary relief absent exceptional circumstances (such as his serious illness or death of an immediate relative) beyond his control.  8 U.S.C. § 1252b(f) (1995).  Neither the motion to reopen nor its supporting affidavits (which the BIA considered) meet this high threshold for discretionary relief.  Despite the fact that Melgar will leave behind his two minor daughters, ages 6 and 4, who are United States citizens, he simply did not meet the requirements for discretionary relief.

---

[1]The BIA noted, and we agree, that Melgar's motion to reopen was untimely in that it was filed beyond 90 days after the final decision by the Board.  See 8 C.F.R. §3.2(c)(2).  The motion to reopen would have been due on or before November 28, 2001, and was not filed until January 10, 2003.

[2]As proceedings were commenced prior to April 1, 1997, our jurisdiction is premised on former section 106 (a) of the Immigration and Nationality Act, 8 U.S.C. § 1005a(a) (1995), as modified by the transitional rules for judicial review contained in section 309(c)(4) of the Illegal Immigration Reform and Immigration Responsibility Act of 1996.  *See Liang v. INS*, 206 F.3d 308, 310 (3d Cir. 2000).

We have reviewed all of the contentions raised by the parties and conclude that no further discussion is required.  The petition for review will be DENIED.